CICERO J. LAWRENCE, by his next friend, v. WM. M. WILLIS and others.

Where it is alleged in a complaint filed in an action brought for the purpose of cancelling a deed, "that at the time the paper writing was signed and delivered, the said Cicero" (the grantor) "was in the weak condition set forth in the first allegation," and the answer denies these charges: *Held*, that the complaint did not warrant the issue submitted to the jury, to-wit: "Was the grantor, Cicero J. Lawrence, at the time of the execution of the deed, capable of making a deed?"

This was a CIVIL ACTION demanding the cancellation of a deed and other relief, tried before his Honor Judge McKoy, at Fall Term, 1875, of CARTERET Superior Court.

The complaint states that Cicero J. Lawrence, in whose behalf his next friend, John W. Davis, brings this suit, is a brother of Abigail Davis, wife of said John, and that the said Cicero is now, and has been for several years, an inmate of his house; that he, the said Cicero, is a person of exceeding weak and feeble intellect, and incapable of taking care of himself, or providing at all for his necessary wants, and the greatest portion of his time unable to do any work. That in addition to this, that he is subject to violent attacks of a strange and dangerous disease which renders him perfectly mad, and when in this condition he requires the attention and constant care of some friend.

That the said Cicero was entitled to considerable real and personal property; and that on the 24th February, 1866, he signed a paper writing, purporting to be a deed, whereby he conveyed to his sister, Bathsheba Jane Simpson, who afterwards married the defendant, Wm. M. Willis, all his estate, real and personal, "for the purpose of securing the care and assistance of some one, which was so necessary to one thus situated," in trust to permit the said Cicero to enjoy and receive the rents and profits during his natural life, &c. There

were other allegations in the complaint not necessary to state, as the case was decided upon the one of the ability of the said Cicero to execute the deed in question.

The answers of the defendants admitted the execution of the deed and the state of the said Cicero's mental and bodily weakness, but denied that the deed was procured through undue influence and fraud as was charged, and also denied other allegations which, for the purposes of this suit, it is unnecessary to state.

On the trial below, the following issue was submitted to the jury, viz:

Was the grantor, Cicero J. Lawrence, at the time of the execution of the deed, capable of making a deed?

The counsel for the defendants objected to this issue, "that it was not authorized by the complaint." The Court allowed the issue to be submitted, and the defendants excepted.

There was a verdict in favor of the plaintiff. Judgment, and appeal by defendants.

No counsel in this Court for appellants.
*Hubbard* and *Bryan*, contra.

BYNUM, J.  The complaint alleges that the plaintiff " is a person of exceeding weak and feeble intellect and incapable of taking care of himself;" and "that at the time the paper writing was signed and delivered the said Cicero was in the weak condition set forth in the first allegation." The answer denies these charges. The issue framed and submitted to the jury upon these allegations is this: " Was the grantor, Cicero J. Lawrence, at the time of the execution of the deed, capable of making a deed?"

We do not think the complaint warranted this issue. A person may be of exceeding weak and feeble intellect, and incapable of taking care of himself, and at the same time be capable of making a deed.

As Cicero had bodily as well as mental infirmities, it does not appear and is not charged whether his incapacity to take care of himself resulted from the one cause or the other. So also, the issue as framed is uncertain, in that it does not specifically involve an enquiry into the mental capacity of the plaintiff to make the deed in question. He might, from other causes, as duress, bodily infirmity, or undue influence, have been incapable of executing the deed. If the complaint had been definite and certain in charging mental incapacity, the issue might have been helped out by reference to the allegations of the complaint.

Weakness of intellect, short of non-sane mind and memory, may not of itself be sufficient to invalidate a deed, but in a Court of equity that, in connection with the fact that the deed is made in favor of a near relation, who stood in peculiarly intimate relations with the bargainor, and is prejudiced and unfair to the bargainor or other suspicious circumstances going to show that the weakness, such as it is, has been taken advantage of, may be sufficient to set aside the deed. Adams' Eq., 182 and notes.

There is error. Judgment reversed and case remanded, with leave to the parties to amend the complaint and answer, if they desire, and submit such issues as may arise upon the pleadings.

PER CURIAM.                    Judgment accordingly.